IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RBC MANUFACTURING CORPORATION,

                                                                                  ORDER

                    Plaintiff,

                                                               13-cv-133-bbc

     v.

POWER RIGHT INDUSTRIES, LLC
and LLOYD'S EQUIPMENT CO., INC.,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff RBC Manufacturing Corporation is suing defendants Power Right Industries, LLC and Lloyd's Equipment Co. for breach of contract. Although plaintiff filed the lawsuit in the Circuit Court for Marathon County, Wisconsin, defendant Lloyd's Equipment removed the case to this court under 28 U.S.C. §§ 1441 and 1446, with the consent of defendant Power Right Industries. Dkt. #1. Lloyd's relies on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires a showing that plaintiff and defendants are citizens of different states and that the amount in controversy is more than $75,000. Unfortunately, Lloyd's has not made that showing in its notice of removal.

      Plaintiff alleges in its complaint that defendants owe more $900,000, so the amount in controversy requirement is satisfied. With respect to citizenship, defendant Lloyd's Equipment alleges that it is a California corporation and has its principal place of business there. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.,

385 F.3d 737, 740-43 (7th Cir. 2004) (corporation is citizen of its state of incorporation and state where its principal place of business is located).  Although the notice of removal is curiously silent about plaintiff's citizenship, plaintiff alleges in the complaint that it is a Wisconsin corporation with a principal place of business in Indiana.  Dkt. #1-1 at ¶ 1.  The problem is that both the notice of removal and the complaint allege that defendant Power Right Industries is a "California limited liability company" with a principal place of business in California.

It is well established in this circuit that the citizenship of a limited liability company is not determined by its principal place of business or the state where it was formed, but by the citizenship of each of its members.  Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); see also Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007)  ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well").  Defendant Lloyd's Equipment did not include information about the citizenship of defendant Power Right Industries' members in the notice of removal.

Because district courts have an independent obligation to determine whether jurisdiction exists, I cannot overlook this defect.  McCready v. White, 417 F.3d 700, 702 (7th  Cir. 2005).  As the proponent of federal jurisdiction, it is defendant Lloyd's Equipment's burden to show that the parties are citizens of different states.  Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009).

Accordingly, I will give Lloyd's an opportunity to file supplemental materials to meet its burden.

ORDER

IT IS ORDERED that defendant Lloyd's Equipment Co., Inc. may have until March 20, 2013, to file supplemental materials showing that diversity jurisdiction is present as described in this order. If Lloyd's does not respond, I will remand the case to state court.

Entered this 6th day of March, 2013.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge